UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH ABEYTA, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>BNSF RAILWAY COMPANY, a<br>Delaware corporation,<br><br>　　　　　　　　Defendant. | NO. 2:17-CV-0350-TOR<br><br>ORDER DENYING DEFENDANT'S<br>MOTION TO DISMISS |

BEFORE THE COURT is Defendant BNSF Railway Company's Motion to Dismiss (ECF No. 5). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 6) is **DENIED**.

# BACKGROUND[1]

The instant action concerns a claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, by Plaintiff Keith Abeyta against Defendant BNSF Railway Company. ECF No. 1 at ¶ 3. According to the Complaint, Abeyta worked for BNSF as a "roadmaster" in and around the state of Washington and received injuries in March 2011, November 2011, and "over the course of his employment." ECF No. 1 at ¶¶ 37, 46, 67.

On December 30, 2013, Abeyta filed suit for the alleged injuries in the Montana Thirteenth Judicial District Court (the "underlying action"). ECF No. 1 at ¶ 7. On September 3, 2014, BNSF moved to dismiss the underlying action for lack of personal jurisdiction because the alleged injuries arose in Washington and BNSF was not at home in Montana, relying on the Supreme Court case of *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). ECF No. 1 at ¶ 10. The district court denied BNSF's motion, reasoning the rigid approach to general jurisdiction under *Daimler* does not apply to FELA actions. ECF No. 1 at ¶ 11.

---

[1] The facts are gleaned from Plaintiff's complaint, which are taken as true in a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

On March 1, 2015, BNSF moved to stay the underlying action pending the Montana Supreme Court's resolution of *Tyrrell v. BNSF Railway Co.* and *Nelson v. BNSF Railway Co.*, which involved the same issue of general jurisdiction under FELA (where BNSF was the defendant, also). ECF No. 7 at ¶ 13. The court denied the request for a stay. ECF No. 7 at ¶ 14. The parties proceeded with preparing for trial. ECF No. 7 at ¶ 15.

On May 31, 2016, the Montana Supreme Court decided the consolidated cases of *Tyrrell and Nelson* (hereafter referred to as "*Tyrrell*"), finding the courts in Montana had personal jurisdiction over BNSF because BNSF was "doing business" in Montana. ECF No. 7 at ¶ 16. BNSF – in *Tyrrell* – filed a writ for certiorari to the United States Supreme Court challenging the Montana Supreme Court's decision; the United States Supreme Court granted the writ. ECF No. 7 at ¶¶ 17-18. BNSF again requested a stay in the underlying action while the Supreme Court reviewed *Tyrrell*; the court granted the requested stay. ECF No. 7 at ¶ 19.

The Supreme Court ultimately reversed the Montana Supreme Court in *Tyrrell*, finding the Montana courts did not have general jurisdiction over BNSF— extending the approach in *Daimler* to FELA actions. ECF No. 7 at ¶ 20; *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017). The district court in the underlying action subsequently lifted the stay and granted BNSF's motion to dismiss for lack

of jurisdiction, dismissing the case without prejudice on September 11, 2017. ECF No. 7 at ¶¶ 21-22. Abeyta then filed the instant action on October 6, 2017.

BNSF has now filed a Motion to Dismiss under Rule 12(b)(6), arguing that Abeyta's claim is time barred by the applicable three-year statute of limitations and that equitable tolling is not appropriate. ECF No. 5 at 2.

## STANDARD OF REVIEW

A federal court may dismiss a complaint for failure to comply with the statute of limitations where "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (citations omitted). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (citation omitted). When deciding, the Court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss . . . ." *In re Stac Elecs. Sec. Litig.*, 89 F.3d at 1403 (citation and brackets omitted).

## DISCUSSION

BNSF's motion to dismiss hinges on whether equitable tolling applies, as the parties agree the instant action was filed more than three years after the suit arose. Abeyta argues the statute of limitations was tolled during the state court proceeding, relying on the case of *Burnett v. New York R.R. Co.,* 380 U.S. 424 (1965). ECF Nos. 1 at ¶ 7; 7 at 2. BNSF argues equitable tolling is not appropriate under *Burnett* because, contrary to the facts in *Burnett*, "Plaintiff's claim was not dismissed for improper venue and Plaintiff did not file his claim in a competent jurisdiction." ECF No. 5 at 2.

Per 45 U.S.C. § 56, "No action [under FELA] shall be maintained . . . unless commenced within three years from the day the cause of action accrued." Despite this, the Supreme Court "has expressly held [] the FELA limitation period is not totally inflexible, but, under appropriate circumstances, [] may be extended beyond three years" pursuant to the so-called doctrine of equitable tolling. *Burnett*, 380 U.S. at 427 (citing *Glus v. Brooklyn Eastern Terminal*, 359 U.S. 231 (1959)). As the Court in *Burnett* noted*:*

> Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute

them." Moreover, the courts ought to be relieved of the burden of trying stale claims when a plaintiff has slept on his rights.

This policy of repose, designed to protect defendants, is frequently outweighed, however, where the interests of justice require vindication of the plaintiff's rights.

*Id.* at 428 (internal footnote and citation omitted; quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349 (1944)).

In *Burnett*, the Supreme Court extended the equitable tolling doctrine to a FELA state action dismissed for improper venue that was subsequently filed in the proper court after the statute of limitations had run. *Id.* at 435-36. The majority reasoned that, where the case is brought before the statute of limitations runs – albeit in the wrong venue – and the suit is later filed in the correct court (1) the purposes of the statute of limitations are not served by barring the later filed suit and (2) not tolling the claim would undermine national uniformity since some courts have a mechanism for transferring the case to the proper venue (which avoids the statute of limitations concern) while other courts do not and must dismiss the case (which implicates the statute of limitations upon refiling). *Id.*[2]

---

[2] The concurring opinion, on the other hand, would have side-stepped the equitable tolling argument by holding the action was timely "commenced" when the first action was brought. *Id.* at 436-37 (Douglas J., concurring)

As in *Burnett*, the underlying rationale for statutes of limitations are not furthered by barring the instant action. *See id.* at 429. The Supreme Court in *Burnett* found equitable tolling was appropriate because (1) the plaintiff had not slept on his rights and (2) the defendant had ample notice of the claim given the state suit was timely when first brought. *Id.* The same is the case here. Like in *Burnett*, Abeyta did not sleep on his rights but "brought a timely suit . . . served defendant with process, [began preparing his case for trial,] and, after finding the state action dismissed . . . filed his suit in the Federal District Court" a short time after. *Burnett*, 380 U.S. at 436. As a result, the crucial concerns for fairness recognized in *Burnett* directly applies to the instant action, where the filing of the action in Montana "'itself show[ed] the proper diligence on the part of the plaintiff . . . which statutes of limitation were intended to insure[,]" but "by reason of [] uncertaint[y] . . . a mistake is made" and in "the interest of justice" the plaintiff should "not be penalized by . . . time-consuming and justice-defeating technicalities." *Id.* at 430 (internal quotation marks omitted; quoting *Goldawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)).

Also, just as in *Burnett*, barring the instant action would undermine national uniformity in applying FELA. *Id.* at 433-34. As in *Burnett*, had Abeyta filed the action in federal court, the court could have transferred the case to the proper court rather than dismiss the action. *Id.*; *see* 28 U.S.C. § 1406(a). However, this

mechanism may not be available in state courts. As a result, similarly situated litigants would face diametrically opposed outcomes depending on whether the suit was first filed in federal or state court, as some litigants would be able to preserve their claim after filing in the wrong court while others would not. This is the same concern raised in *Burnett*. *See id.* at 433-34.

BNSF attempts to distinguish *Burnett* from the instant action based on the fact that the suit in *Burnett* was dismissed for improper venue and the court had jurisdiction, as opposed to the court dismissing the case for a lack of jurisdiction. However, the difference is one of form over substance, as both instances concern an action reasonably brought in the wrong court. Notably, the doctrine of equitable tolling is not so inflexible that it cannot be extended to cases dismissed for improper jurisdiction, as opposed to improper venue. *See Holland v. Florida*, 560 U.S. 631, 650 (2010) ("The flexibility inherent in equitable procedure enables courts to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct… particular injustices." (internal quotation marks omitted; quoting *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 248 (1944)).

Ultimately, the Court sees no reason why the holding in *Burnett* does not equally extend to suits that were dismissed for lack of personal jurisdiction, as opposed to improper venue. Abeyta has demonstrated he undertook significant

effort in pursuing the claim by filing suit in Montana – albeit ultimately in the wrong court – within the statutory limitation. Abeyta's decision to pursue litigation in Montana was not unreasonable, as the district court in Montana and the Supreme Court of Montana adopted the position that there was jurisdiction over BNSF for similarly situated plaintiffs. Further, BNSF was fully apprised of the action, and once the issue was ultimately settled, Abeyta filed the instant action within one month of the case being dismissed. In such circumstances, it would be unjust to completely bar Plaintiff's claim and would undermine national uniformity in applying FELA.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Dismiss (ECF No. 5) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 8, 2018.



THOMAS O. RICE
Chief United States District Judge