UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH ABEYTA, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>　　　　　　　　Defendant. | NO. 2:17-CV-0350-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO CERTIFY |

BEFORE THE COURT is Defendant BNSF Railway Company's Motion to Certify (ECF No. 18). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Defendant's Motion to Certify (ECF No. 18) is **DENIED**.

## DISCUSSION

Defendant moves the Court to Certify the Court's Order Denying Defendant's Motion to Dismiss (ECF No. 12) for appeal pursuant to 28 U.S.C.

§ 1292(b). An Order is appropriate for interlocutory appeal under 28 U.S.C. § 1292(b) if the Order "involves a controlling question of law"; there is "substantial ground for difference of opinion" as to that question; and "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *See* 28 U.S.C. § 1292(b). The Court finds Defendant has failed to demonstrate that there is "substantial ground for difference of opinion" and thus denies Defendant's Motion.

Defendant maintains that *Burnett v. New York Cent. R. Co.*, 380 U.S. 424 (1965), "indicates that having personal jurisdiction over a Defendant in the first instance **is a condition precedent** to the application of equitable tolling in a subsequently filed action." ECF No. 18 at 4 (emphasis in original). This is not correct. That statement is patently overbroad as to the law of equitable tolling because equitable tolling is a "flexible" tool based on equitable considerations that can meet varying, new situations. *See Holland v. Florida*, 560 U.S. 631, 650 (2010). Indeed, in justifying its application of the doctrine in *Burnett*, the Supreme Court cites cases involving markedly different facts than *Burnett*. 380 U.S. at 428-29 (reviewing the application of equitable tolling (1) in the context of war and (2) where the Plaintiff was deceived as to the statute of limitations).

Had the Supreme Court intended to install rigid, "inflexible" requirements for the application of equitable tolling in FELA cases as Defendant argues, it could

have added clear language to that point. It did not. *Burnett*, 380 U.S. at 427 ("[T]he FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be extended beyond three years.")

Defendant also argues equitable tolling is not proper where the Plaintiff forum shopped. ECF No. 18 at 9. Defendant argues that failing to file in a court where jurisdiction is guaranteed is forum shopping, inferring a negative connotation. This is a presumption the Court does not accept. As to the term "forum shopping", the Ninth Circuit observed, "[a] competent attorney, as part of his ethical obligation to represent his client with reasonable diligence, *see* Model Rule of Professional Conduct 1.3, is obligated to consider various fora and to choose the best forum in which to file a client's complaint. *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 695 n.10 (9th Cir. 2009).

Even if the Court were to accept Defendant's reasoning, Plaintiff brought suit in Montana when the then-existing law dictated Montana had general jurisdiction over Defendant. ECF No. 1 at ¶ 7. After *Daimler* was decided in 2014, Defendant challenged jurisdiction, but the Montana courts held *Daimler* did not apply to FELA actions. ECF No. 1 at ¶¶ 10-19. Once the Supreme Court ruled otherwise, Plaintiff filed suit in the proper forum. ECF No. 1 at ¶¶ 20-22. These facts do not establish that Plaintiff improperly forum shopped.

Defendant also challenges the Court's conclusion – that applying equitable

tolling when Plaintiff files in the wrong court by mistake – serves national uniformity in FELA actions. ECF No. 18 at 9-11. Defendant argues that a transfer to another court is not always granted where equitable considerations counsel against such. However, because the equitable considerations for a transfer would often greatly overlap with the equitable considerations for equitable tolling, uniformity will still be maintained since, in both cases, equitable considerations will ultimately determine whether the case survives the challenge.

In sum, Defendant's arguments are untenable or unpersuasive, and thus the Court finds Defendant has failed to demonstrate there is a substantial ground for difference of opinion. Moreover, an immediate appeal will not materially advance the ultimate resolution of the litigation given that trial is just 7 months away and an interlocutory appeal could take substantially more time than that.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion to Certify (ECF No. 18) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** March 14, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO CERTIFY ~ 4